| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Antenette Renea Murray** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** |
| Case number: | **20-01237** |
| (If known) | |

☑ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☑ Pre-confirmation modification
☐ Post-confirmation modification
Sections 1.4, 2.1, 3.1, 8.1 to remove conduit treatment and convert to a loan modification plan in order reduce the monthly payment to allow the debtor to feasibly complete her reorganization.

District of South Carolina
# Chapter 13 Plan
5/19

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

2.1    The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

$310.00 per **Month** for **36** months

*Insert additional lines if needed.*

| Debtor | **Antenette Renea Murray** | Case number | **20-01237** |
|---|---|---|---|

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2   Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☑ The debtor will make payments directly to the trustee.
- ☐ Other (specify method of payment): _____

**2.3 Income tax refunds.**
*Check one.*
- ☑ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income refunds as follows: _____

**2.4 Additional payments.**
*Check one.*
- ☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**Part 3: Treatment of Secured Claims**

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1   Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- ☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

- ☐ **3.1(a)** The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.

- ☑ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly payment on arrearage |
|---|---|---|---|---|
| Park Recreation Delvelopment Master | 7897 Sabalridge Drive North Charleston, SC 29418  Charleston County TMS# 404-02-00-062 | $3,400.66 | 0.00% | $95.00 |

| Debtor | **Antenette Renea Murray** | Case number | **20-01237** |

| Name of Creditor | Collateral | Estimated amount of arrearage<br><br>Includes amounts accrued through the March 2020 payment. | Interest rate on arrearage (if applicable) | Monthly payment on arrearage<br><br>(or more) |

*Insert additional claims as needed.*

☐ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☑ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with __MGC Mortgage, Inc.__ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

*Insert additional claims as needed*

☐ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

*Insert additional claims as needed*

**3.2 Request for valuation of security and modification of undersecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3 Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*
☑ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4 Lien avoidance.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked*

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| Mariner Finance, LLC<br><br>Household Items | $1,723.00 | $0.00 | $50.00<br>SC Code Section<br>15-41-30(A)(3) | $50.00 | $0.00 | $1,723.00 |

*Use this for avoidance of liens on co-owned property only.*

District of South Carolina

Effective May 1, 2019                        Chapter 13 Plan                        Page 3

| Debtor | **Antenette Renea Murray** | | | Case number | **20-01237** | | |
|---|---|---|---|---|---|---|---|
| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
| -NONE- | | | | | | | |

*Insert additional claims as needed.*

**3.5    Surrender of collateral.**

*Check one.*

☑    None. If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:    Treatment of Fees and Priority Claims**

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation.*

☐    **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

| Debtor | **Antenette Renea Murray** | Case number | **20-01237** |
|---|---|---|---|

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

**7.1  Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

| Debtor | **Antenette Renea Murray** | Case number | **20-01237** |
|---|---|---|---|

**8.1** Check "None" or List Nonstandard Plan Provisions
☐ None. If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

8.1(a) The debtor reserves the right to seek loss mitigation or modification of the mortgage loan using the Loss Mitigation/Mortgage Modification Portal procedures described in Chambers Guidelines during the bankruptcy case, which may be effective upon subsequent approval by order of the Court.

8.1(b) Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.

8.1(c) Confirmation of this plan may determine the character (secured, unsecured, or priority), amount, and timing of distribution of a creditor's claim regardless of the proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.

8.1(d) The Debtors' plan relies upon loss mitigation or a consensual mortgage loan modification (LM/MM) of the mortgage loan secured by the following property:

7897 Sabalridge Drive, North Charleston, SC 29418
TMS #404-02-00-062

The Debtors will file a Notice and Motion for Loss Mitigation/Mortgage Modification within 21 days after the filing of this initial plan. If LM/MM is approved, the Debtor(s) shall directly pay MGC Mortgage Inc.'s allowed mortgage claim, including any prepetition and post petition amounts. No payment will be made by the Trustee on this secured claim.

In the event that (1) the LM/MM request (and any necessary documentation) is not submitted or is denied or (2) the Debtor(s) fail to timely make any required Trial Plan Payments, the Mortgage Creditor may, after 14 days' written notice to the Debtor(s), Debtor(s)' Counsel, and the Trustee, submit an affidavit and prosed order seeking relief from the stay. However, the Mortgage Creditor may not obtain relief until its final consideration of LM/MM is concluded and reported to the Debtor(s) and Debtor(s)' Counsel.

8.1(e) DEBTOR CERTIFICATION

In connection with this plan, the debtor hereby states that he/she/they carefully reviewed this plan and understand the following:

(1) The obligations set forth in this plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;

(2) The consequences of any default under this plan including any direct payments to creditors required by the terms of this plan; and

(3) That debtor may not agree to sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the prior authorization of the Bankruptcy Court.

Debtor    **Antenette Renea Murray**    Case number    **20-01237**

## Part 9: Signatures:

**9.1** Signatures of debtor and debtor attorney

*The debtor and the attorney for the debtor, if any, must sign below.*

X  *Antenette Renea Murray* (signature)
**Antenette Renea Murray**
Signature of Debtor 1

Executed on  8/13/2020

X  *(signature)*
Robert R. Meredith, Jr. 6152
Elizabeth R. Heilig 10704
Meredith Law Firm, LLC
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
843-529-9000 (p)
843-529-9907 (f)

X  _____
Signature of Debtor 2

Executed on
Date  8/13/2020

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE: )
) CASE NO: 20-01237-jw
**Antenette Renea Murray** )
7897 Sabalridge Drive ) CHAPTER 13
North Charleston, SC 29418 )
SSN xxx-xx-9332 )
)
DEBTOR. )
)

## CERTIFICATE OF SERVICE

The above-signing parties certify that the foregoing Notice of Plan Modification Before Confirmation, Amended Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of names and addresses of parties served with this plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**

James M. Wyman, Esquire
Chapter 13 Trustee
PO Box 997
Mt. Pleasant, SC 29465-0997

Date: 8/13/2020

Kristen E. Buck, Legal Assistant to
Robert R. Meredith, Jr., D.C. I.D. #06152
Elizabeth R. Heilig, D.C. I.D. #10704
Meredith Law Firm, LLC
Attorneys for Debtor
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
843-529-9000

```
Label Matrix for local noticing          Advance Finance                          Artemis Finance, LLC
0420-2                                   100 Oceanside Drive                      c/o Glen C. Watson, III
Case 20-01237-jw                         Nashville TN 37204-2351                  P.O. Box 121950
District of South Carolina                                                        Nashville, TN 37212-1950
Charleston
Thu Aug 13 09:46:29 EDT 2020

Avio Credit                              Best Egg                                 Brock & Scott, PLLC
P.O. Box 101928                          Po Box 42912                             Westpark Center
Dept. 3681                               Philadelphia PA 19101-2912               3800 Fernandina Road, Ste. 110
Birmingham AL 35210-6928                                                          Columbia SC 29210-3838


Capital One                              Capital One Bank (USA), N.A.             Charleston County Treasurer
Attn: Bankruptcy                         by American InfoSource as agent          4045 Bridgeview Drive
Po Box 30285                             PO Box 71083                             North Charleston SC 29405-7464
Salt Lake City UT 84130-0285             Charlotte, NC  28272-1083


Clyde Murray                             Gentry Collins                           Credit One Bank
8011 Hydrangea Lane                      Brock & Scott, PLLC                      Attn: Bankruptcy Department
Hanahan SC 29410-8287                    8757 Red Oak Boulevard                   Po Box 98873
                                         Suite 150                                Las Vegas NV 89193-8873
                                         Charlotte, NC 28217-3977


First PREMIER Bank                       Fortiva                                  Genesis FS Card Services
Attn: Bankruptcy                         Attn: Bankruptcy                         Attn: Bankruptcy
Po Box 5524                              Po Box 105555                            Po Box 4477
Sioux Falls SD 57117-5524                Atlanta GA 30348-5555                    Beaverton OR 97076-4401


Glen C. Watson, III                      Elizabeth R. Heilig                      Internal Revenue Service
P.O. Box 121950                          Meredith Law Firm, LLC                   Centralized Insolvency Operations
Nashville, TN 37212-1950                 4000 Faber Place Drive                   PO Box 7346
                                         Suite 120                                Philadelphia PA 19101-7346
                                         North Charleston, SC 29405-8585


LNV Corporation                          LVNV Funding LLC                         LVNV Funding, LLC
1 Corporate Drive, Suite 360             Resurgent Capital Services               c/o Resurgent Capital Services
Lake Zurich, IL 60047-8945               PO Box 10587                             PO Box 10587
                                         Greenville, SC 29603-0587                Greenville, SC  29603-0587


MGC Mortgage Inc.                        Mariner Finance, LLC                     Mariner Finance, LLC
1 Corporate Drive Ste 360                8211 Town Center Dr                      Attn: Bankruptcy
Lake Zurich IL 60047-8945                Nottingham, MD 21236-5904                8211 Town Center Drive
                                                                                  Nottingham MD 21236-5904


Travis E. Menk                           Robert R. Meredith Jr.                   Antenette Renea Murray
Brock & Scott, PLLC                      4000 Faber Place Drive                   7897 Sabalridge Drive
8757 Red Oak Blvd.                       Suite 120                                North Charleston, SC 29418-2230
Suite 150                                N. Charleston, SC 29405-8585
Charlotte, NC 28217-3977


NCEP, LLC, c/o AIS Portfolio Services, LP    NV Corporation                       National Credit Adjusters, LLC
4515 N Santa Fe Ave. Dept. APS           1 Corporate Drive, Suite 360             327 West 4th Avenue
Oklahoma City, OK 73118-7901             Lake Zurich, IL 60047-8945               Po Box 3023
                                                                                  Hutchinson KS 67504-3023
```

```
Park Recreation Delvelopment Master      Park Recreational HOA                    Plain Green Loans
c/o IMC Charleston, LLC                  Simons & Dean                            Attn: Bankruptcy
1703 Ashley River Road                   147 Wappoo Creek Dr. Suite 604           1900 Frost Rd   Ste 100
Charleston SC 29407-5943                 Charleston, SC 29412-2157                Bristol PA 19007-1519


(p)PORTFOLIO RECOVERY ASSOCIATES LLC     Premier Bankcard, Llc                   Quantum3 Group LLC as agent for
PO BOX 41067                             Jefferson Capital Systems LLC Assignee  GPCC I LLC
NORFOLK VA 23541-1067                    Po Box 7999                              PO Box 788
                                         Saint Cloud Mn 56302-7999                Kirkland, WA  98083-0788


RSVP Loans                               Resurgent Capital Services as servicing agen   SC Department of Revenue
500 Grapevine Hwy., Ste. 227             Resurgent Capital Services               PO Box 12265
Hurst TX 76054-2790                      PO Box 10587                             Columbia SC 29211-2265
                                         Greenville, SC 29603-0587


Simple Fast Loan                         Tea Olive, LLC                           True Accord
8601 Dunwood Place Ste 406               PO BOX 1931                              16011 College Blvd Ste 130
Atlanta GA 30350-2550                    Burlingame, CA 94011-1931                Lenexa KS 66219-9877


US Trustee's Office                      US Department of Justice                 Uncle Warbucks
Strom Thurmond Federal Building          South Carolina                           1329 Arena Road Lot 110
1835 Assembly Street                     1441 Main Street Ste 500                 Kahnawake QC
Suite 953                                Columbia SC 29201-2897                   J0L1B0
Columbia, SC 29201-2448


UncleWarbucks.com                        James M. Wyman
40 E. Main Street                        PO Box 997
Ste. 508U                                Mount Pleasant, SC 29465-0997
Newark DE 19711-4639
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Portfolio Recovery Associates, LLC
POB 12914
Norfolk, VA 23541
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)LNV Corporation                       (d)LVNV Funding, LLC                     End of Label Matrix
                                         Resurgent Capital Services               Mailable recipients   46
                                         PO Box 10587                             Bypassed recipients    2
                                         Greenville, SC 29603-0587                Total                 48
```